acm

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
|     Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | Case No. | 02-40035-JAR |
| | ) | | 05-3086-JAR |
| RAYMOND GARCIA AGUILAR, | ) | | |
| | ) | | |
|     Defendant/Petitioner. | ) | | |
| _____ | ) | | |

### MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

Defendant/Petitioner Raymond Garcia Aguilar filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  (Doc. 143.)  Petitioner has also filed a Motion for Leave to Proceed in Forma Pauperis (Doc. 145).  Because petitioner's § 2255 motion was not timely filed, it is denied.  After petitioner pleaded guilty to conspiracy to distribute more than 500 grams of a mixture containing methamphetamine, he was sentenced in a judgment entered on June 13, 2003.  That judgment became final on June 23, 2003.  Petitioner did not file a Notice of Appeal within the ten day period following judgment.  Petitioner has not filed a direct appeal, and he is now time barred from doing so.

Petitioner filed a motion for extension of time to file a petition for habeas relief in this Court on June 28, 2004.  In an Order dated August 10, 2004 (Doc. 137), the Court denied petitioner's motion for an extension of time.  As the Court explained in that Order, section 2255 limits habeas motions to

1

within one year of the date the judgment becomes final.[1]   The one year limitations period is treated as

365 calendar days.[2]  Thus, as of June 23, 2004, petitioner was time barred from filing a § 2255.

Because petitioner failed to show the Court how he was prevented from filing his motion for extension

of time before the deadline to file his habeas petition, this Court denied his request.

  Over six months later, on February 22, 2005, petitioner filed his habeas petition.  In this motion,

petitioner fails to include a renewed motion for leave to file his habeas petition out of time.  Moreover,

he does not even address the Court's previous Order denying his extension of time and holding that

petitioner is time barred from filing a § 2255.  Because petitioner failed to file timely his petition and

offers no valid reason for the Court to address the merits of his petition out of time, the Court denies

petitioner's request for habeas relief.  Because the Court denies petitioner's motion, his request to

proceed in forma pauperis is denied as moot.

  **IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 143) is **DENIED**.

  **IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Proceed in forma

pauperis (Doc. 145) is **DENIED** as moot.

  IT IS SO ORDERED.

  Dated this 1st   day of November 2005.

---

[1] 28 U.S.C. § 2255(1).  Because petitioner filed his petition for habeas relief after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the AEDPA applies to his petition.  *See generally Lindh v. Murphy*, 521 U.S. 320 (1997).

[2] *See Marsh v. Soares*, 223 F.3d 1217, 1218 (10th Cir. 2000); *United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding that the anniversary rule applies to the one year limitations period under AEDPA).

 S/   Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

Memorandum and Order Denying Motion Under 28 U.S.C. § 2255, *United States v. Aguilar*, Case No. 02-40035-JAR, 05-3086-JAR