IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.

      Case No. 02-40035-01-JAR

**RAYMOND GARCIA AGUILAR,**

      Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Raymond Aguilar's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Doc. 154). On July 8, 2002, Mr. Aguilar entered a guilty plea to one count of conspiracy to distribute more than 500 grams of methamphetamine.[1] Mr. Aguilar received a sentence enhanced under the Guideline for career offenders because the offense was committed subsequent to sustaining two felony convictions for crimes of violence as defined in U.S.S.G. § 4B1.2. He was ultimately sentenced to 262 months' custody. Mr. Aguilar's original § 2255 motion was ultimately denied as time barred, and he did not appeal that decision.[2]

On June 26, 2015, the Supreme Court issued its opinion in *Johnson v. United States*,[3] in which it declared unconstitutionally vague a part of the Armed Career Criminal Act's ("ACCA") definition of "violent felony," referred to as the "residual clause."[4] The residual clause expanded the list of enumerated offenses to include any felony that "otherwise involves conduct that

---

[1] Doc. 93.

[2] Doc. 147.

[3] 135 S. Ct. 2551 (2015).

[4] *Id.* at 2557.

presents a serious potential risk of physical injury to another."[5] The Court expressly stated that its ruling invalidating the residual clause "does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."[6] In 2016, the Supreme Court determined that *Johnson* announced a new rule of constitutional law "that has retroactive effect in cases on collateral review."[7]

On May 20, 2016, the Tenth Circuit Court of Appeals granted Mr. Aguilar leave to file a second or successive petition for relief under 28 U.S.C. § 2255(h) to raise a claim under *Johnson*.[8] Mr. Aguilar filed a motion to vacate his sentence arguing that his prior Iowa and Kansas convictions for burglary no longer qualify as predicate crimes of violence under U.S.S.G. § 4B1.2 in the wake of the Supreme Court's decision in *Johnson*, and thus resentencing is warranted because he no longer qualifies as a career offender. At the Government's request, the Court stayed these proceedings pending the Supreme Court's decision in *Beckles v. United States*.[9] Mr. Aguilar moved the Court to lift the stay order and upon agreement of the parties, the Court issued an Order removing the stay and setting a response deadline for the Government.[10]

On March 6, 2017, the Supreme Court issued its opinion in *Beckles*, holding that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause, [and] [t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness."[11] Mr. Aguilar subsequently filed a supplemental brief arguing that because he was sentenced prior to *United States v.*

---

[5]*See* 18 U.S.C. § 924(e)(2)(B)(ii).
[6]135 S. Ct. at 2563.
[7]*Welch v. United States,* 136 S. Ct. 1257, 1268 (2016).
[8]Doc. 153.
[9]137 S. Ct. 886 (2017); *see* Doc. 157.
[10]Docs. 158, 160.
[11]137 S. Ct. at 892.

*Booker*,[12] he may still raise a vagueness challenge to a mandatory Guideline scheme.[13] Although the Government concedes that Mr. Aguilar's prior burglary conviction under Iowa state law no longer qualifies as a predicate crime of violence, it argues that his motion must nevertheless be dismissed and all relief denied because it does not meet the restrictions in 28 U.S.C. § 2255(h)(2), which is satisfied only when a defendant relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." After careful consideration of the parties' submissions, the Court finds that no evidentiary hearing is needed and the motion should be dismissed.

Mr. Aguilar applied to the Tenth Circuit for authorization to bring a second or successive § 2255 motion based on *Johnson*. In granting authorization, the Tenth Circuit found that Mr. Aguilar had made a prima facie showing that his claim met the gatekeeping requirements of § 2255(h)(2) and § 2244(b)(3) because "*Johnson* announced a new rule of constitutional law that was made retroactive to cases on collateral review in *Welch*."[14] The Tenth Circuit relied on its holding in *In re Encinias* "that second or successive § 2255 motions that rely on *Johnson* to challenge the career-offender guideline qualify for authorization under § 2255(h)(2)."[15]

Mr. Aguilar's assumption in his § 2255 motion as originally filed that the holding of *Johnson* extends to the "virtually identical" residual clause in U.S.S.G. § 4B1.2(a)(2) was supported by the Tenth Circuit's decision in *United States v. Madrid*.[16] In light of *Madrid's* abrogation by *Beckles*, Mr. Aguilar now relies on qualifying language in *Beckles* that the

---

[12]543 U.S. 220 (2005).

[13]Doc. 166.

[14]Doc. 153.

[15]*Id.* (citing *Encinias,* 821 F.3d 1224 (10th Cir. 2016)).

[16]805 F.3d 1204, 1211 (10th Cir. 2015), *abrogated by Beckles v. United States,* 137 S. Ct. 886 (2017).

advisory Guidelines are not subject to a vagueness challenge under the Due Process Clause,[17] as well as Justice Sotomayor's concurring opinion recognizing that the "distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in *United States v. Booker* . . . may mount vagueness attacks on their sentences."[18]

As the Government points out, however, this Court can reach the merits of Mr. Aguilar's claim only if he satisfies the conditions of § 2255(h)(2) that apply to second or successive motions; otherwise, the Court lacks jurisdiction to grant relief, and Mr. Aguilar's motion must be dismissed.[19] The Tenth Circuit's grant of authorization was made only as a preliminary assessment, leaving this Court to determine whether Mr. Aguilar has shown that his claim satisfies § 2255(h)(2). As noted, the Tenth Circuit relied on *Encinias* in granting Mr. Aguilar authorization to file the instant § 2255 motion. However, the premise of *Encinias* has been rendered obsolete by the abrogation of *Madrid* and the conclusion in *Beckles* that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause, [and] [t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness."[20] Consequently, the Court agrees that the basis for authorization by the Tenth Circuit in the first instance cannot be relied upon by Mr. Aguilar in the second instance wherein he now challenges his career offender status under the pre-*Booker* mandatory Guidelines.

Accordingly, this Court must determine whether Mr. Aguilar's re-styled pre-*Booker* claim is based on a new rule of constitutional law retroactively applicable to cases on collateral

---

[17]137 S. Ct. at 895.

[18]*Id.* at 903 n.4 (Sotomayor, J., concurring).

[19]*Case v. Hatch,* 731 F.3d 1015, 1029 (10th Cir. 2013); *see* 28 U.S.C. § 2244(b)(4) ("A district court must dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.").

[20]*Beckles,* 137 S. Ct. at 892.

review.[21]  It is now open to debate whether the Due Process Clause applies to the mandatory Guidelines.  Although the Tenth Circuit has not ruled on this issue, the Sixth Circuit recently dismissed a similar § 2255 claim as untimely because the Supreme Court's holding in *Johnson* did not create a newly-recognized right allowing petitioners to assert vagueness challenges under the Due Process Clause based on the mandatory Guideline's residual clause.[22]  In this District, Judge Lungstrum and Judge Crabtree reached similar conclusions in the context of finding § 2255 motions to be untimely because the time limit of § 2255(f)(3) is only available when a claim is based on a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[23]  The Court finds the reasoning of these cases persuasive, and adopts that reasoning here.  Because the Supreme Court has not recognized the right that Mr. Aguilar seeks to assert—that his sentence imposed under the mandatory Guidelines' residual clause is unconstitutionally vague—the Court concludes that he has failed to satisfy the preconditions of § 2255(h)(2) and his motion must be dismissed.[24]

Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse" to the petitioner.  A court may grant a certificate of appealability ("COA") only "if the applicant has made a substantial showing of the denial of a constitutional right."[25]  "When the district court denies a habeas petition on procedural grounds without reaching the [petitioner's] underlying constitutional

---

[21] 28 U.S.C. § 2255(h)(2).

[22] *Raybon v. United States,* ---F.3d---, 2017 WL 3470389, at *3 (6th Cir. Aug. 14, 2017) (collecting cases).

[23] *See United States v. Ward,* 01-CR-40050-01-DDC, 2017 WL 3334644, at *2 (D. Kan. Aug. 4, 2017) (collecting cases); *United States v. Brigman,* No. 03-20090-JWL, 2017 WL 3267674, at *2–3 (D. Kan. Aug. 1, 2017) (same).

[24] *See United States v. Taylor,* No. CR-95-158-D, 2017 WL 3431849, at *3–4 (W.D. Okla. Aug. 9, 2017) (holding Supreme Court has not issued a ruling that *Johnson* applies retroactively to the Federal Sentencing Guidelines, and dismissing motion because it could not satisfy the requirements of § 2255(h)(2)); *Mitchell v. United States,* No. 3:00-CR-00014, 2017 WL 2275092, at *2 (W.D.Va. May 24, 2017) (same).

[25] 28 U.S.C. § 2253(c)(2).

claim, a COA should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[26]  Here, the Court concludes that reasonable jurists could debate whether the Court was correct in its ruling.  The Court thus grants a COA on the issue of whether Mr. Aguilar's motion falls within the scope of 28 U.S.C. § 2255(h)(2).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Raymond Garcia Aguilar's Motion to Vacate Under § 2255 (Doc. 154) is DISMISSED as an unauthorized second or successive motion.  Mr. Aguilar is granted a COA.

**IT IS SO ORDERED.**

Dated: August 23, 2017

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[26] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).