# In the United States District Court
# for the District of Kansas

**United States of America**,
  *Plaintiff*,

v.           Case No. 5:02-CR-40035-001

**Raymond Garcia Aguilar,**
  *Defendant.*

## Order Reducing Term of Imprisonment to Time Served

  This matter is before the Court on the Defendant's <u>Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. 185]</u> filed on July 31, 2020. The government concurs in the request and agrees the defendant is a proper candidate for immediate release from the Bureau of Prisons.

  Mr. Aguilar was sentenced to serve 262 months' imprisonment for one count of conspiracy to distribute more than 500 grams of methamphetamine. [Doc. 131] Under the then-mandatory sentencing guidelines, Mr. Aguilar was deemed a career offender under the "residual clause" of Section 4B1.1 of the United States Sentencing Guidelines (USSG), which raised his guidelines range to 262-327 months. Today, he would no longer qualify as a career offender, and he would face a much lower discretionary guidelines range of 188-235 months.

The Court has considered the applicable factors set forth in 18 U.S.C. § 3582(c)(1)(A)(i) and 18 U.S.C. § 3553(a) to modify the defendant's term of imprisonment to time served. Mr. Aguilar suffers from health conditions that place him at greater risk of severe illness from COVID-19, including hypertension and Hepatitis B and C. He is housed in USP Beaumont, which reports one prisoner and three staff members who have tested positive for COVID-19. The combination of Mr. Aguilar's health conditions and the conditions at USP Beaumont warrant a sentence reduction in this case. *See United States v. Pullen*, No. 98-40080-01-JAR, 2020 WL 4049899, at *5-7 (D. Kan. July 20, 2020). Mr. Aguilar has served more than 17 years, the majority of his sentence, and a longer sentence than he would face today for the same conduct. That fact, plus the length of time already served, shows that the reduced sentence satisfies the § 3553(a) sentencing factors. *Id.* at *8-9.

Mr. Aguilar is a deportable alien with a detainer from Immigration and Customs Enforcement. It is appropriate for Mr. Aguilar to serve a 14-day quarantine prior to release from BOP to ICE custody to allow him to be deported to Mexico. *See United States v. Guzman Soto*, No. 1:18-CR-10086-IT, 2020 WL 2104787, at *3 (D. Mass. May 1, 2020).

The Court therefore concludes in its discretion that extraordinary and compelling reasons warrant the reduction of the defendant's sentence to time

served pursuant to Section 3582(c)(1)(A), and defendant's motion should be granted.

**IT IS THEREFORE ORDERED** by the Court that the Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582 [Doc. 185] is hereby GRANTED. The Court reduces Defendant's sentence to time served.

**IT IS FURTHER ORDERED** that Mr. Aguilar serve a 14-day quarantine period in the Bureau of Prisons before being released to the custody of Immigration and Customs Enforcement pursuant to the existing detainer.

**IT IS SO ORDERED**.

Dated this 3rd day of August, 2020, at Kansas City, Kansas.

 s/ Julie A. Robinson
The Honorable Julie A. Robinson
Chief United States District Court Judge